UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------x

FELIX APONTE,

                            Plaintiff.

      -against-

THE CITY OF NEW YORK, NEW YORK
CITY DEPARTMENT OF CORRECTIONS,
CORRECTION OFFICER JOHNSON,
CAPTAIN SINGLETARY and
CORRECTIONS OFFICERS JOHN DOE,
Individually and in their Official Capacities,

                        Defendants.

----------------------------------------------------x

**FILED**

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 29 2011 ★

BROOKLYN OFFICE

**COMPLAINT
AND DEMAND FOR
~~TRIAL~~**

**CV11-2118**

**SUMMONS ISSUED**

MATSUMOTO, J.

POHORELSKY, M.J.

Plaintiff, FELIX APONTE, by and through his attorneys, **Fisher, Byrialsen & Kreizer**

**PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages, and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, for the wrongful acts of

Defendants THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF

CORRECTIONS, CORRECTION OFFICER JOHNSON, CAPTAIN SINGLETARY and

CORRECTIONS OFFICERS JOHN DOE, as officers/employees of the New York City

Department of Corrections, acting under color of state law and pursuant to their authority, in

violation of Plaintiff's rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983,

1988; by the United States Constitution, including its Fourth, Fifth, Eighth, and Fourteenth

Amendments; and by the laws and Constitution of the State of New York.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

3.  Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

4.  Plaintiff further invokes this Court's pendent jurisdiction over any and all state-law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5.  Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## NOTICE OF CLAIM

6.  Plaintiff filed a Notice of Claim with the City of New York on or about June 1, 2010, within 90 days of the events complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## TRIAL BY JURY

7.  Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed., R. Civ. P. 38(b).

## PARTIES

8.  At all times relevant hereto Plaintiff was a resident of New York, New York.

9.  At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Department of Corrections, which employs the other Defendants.

10.  At all times relevant to this action, Defendant CORRECTION OFFICER JOHNSON, CAPTAIN SINGLETARY and Corrections Officer John Does[1], are and were corrections officers employed by the New York City Department of Corrections (hereinafter, "NYC DOC"), and acting under color of state law.  They are being sued in both their individual and official capacities.

11.  At all times relevant hereto and in all their actions described herein, the Defendants CORRECTION OFFICER JOHNSON, CAPTAIN SINGLETARY and Corrections Officers John Doe were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYC DOC and NYC, pursuant to their authority as employees, servants, and agents of the NYC DOC within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and corrections officers.

---

[1] As Plaintiff currently does not know the names of numerous NYC DOC Corrections Officers involved in the violations of his rights, the Defendant Corrections Officers will be referred to generally as Defendant Corrections Officers and the complaint will be amended once the names of the individual officers involved is discovered.

3

12. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the corrections officers, sergeants and/or employees of the NYC DOC. They are being sued both in their individual and official capacities.

## FACTS

13. On April 23, 2010 Plaintiff Felix Aponte was in the custody of the NYC DOC at the Robert N. Davoren Complex (RNDC) at Rikers Island Correctional Facility in Queens, New York.

14. On April 23, 2010, Defendant CORRECTION OFFICER JOHNSON, CAPTAIN SINGLETARY and Corrections Officers John Doe entered Plaintiff Aponte's cell.

15. Defendant Corrections Officers verbally assaulted and harassed Plaintiff Aponte.

16. Defendant Corrections Officers punched Plaintiff Aponte in the face and threw him onto the ground.

17. When he was on the ground Defendant Corrections Officers punched and kicked Plaintiff Aponte's head, stomach, limbs and testicles.

18. Plaintiff Aponte was then handcuffed by the Defendant Corrections Officers.

19. Plaintiff Aponte was taken out of his cell by Defendant Corrections Officers.

20. Plaintiff Aponte was escorted by Defendant Corrections Officers from the RNDC housing area where his cell was located to a stairwell.

21. At the stairwell Defendant Corrections Officers released their hold on Plaintiff Aponte and caused him to fall down a flight of stairs with his hands cuffed behind his back.

22. At no time did Plaintiff Aponte touch, push, hit, kick or threaten to touch, push, hit or kick any of the Defendant Corrections Officers.

4

23.  As a result of the assault and battery by Defendant Corrections Officers Plaintiff Aponte suffered broken blood vessels in his eye, severe bruising and swelling under both eyes, pain in his testicles, defecating blood, and bruising and lacerations on the head, torso and limbs.

24.  Plaintiff Aponte was taken to Elmhurst Hospital.

25. En route from RNDC to Elmhurst Hospital Plaintiff Aponte was escorted by Defendant Corrections Officers who verbally threatened and harassed him.

26.  Defendant Corrections Officers issued an infraction ticket to Plaintiff Aponte following their assault and battery of him on April 23, 2010.

27.  This infraction ticket was dismissed because – per the remarks on the Hearing Report – the Adjudication Captain could not substantiate the charges given the inconsistencies in the Correction Officers' accounts of the incident and the contradictory medical evidence.

28.  Plaintiff Aponte was treated for his injuries at Elmhurst Hospital and returned to RNDC.

29.  In early May, 2010, Plaintiff Aponte was transferred to George R. Vierno Center (GRVC).

30.  On May 4, 2010, at approximately 6:00 a.m. as many as seven Defendant Corrections Officers, one being a female captain, enter Plaintiff Aponte's cell at GRVC.

31.  Defendant Corrections Officers ordered Plaintiff Aponte to tell them about the incident at RNDC on April 23, 2010.

32.  Defendant Corrections Officer, identified as the female captain, threatened Plaintiff Aponte, who walks with a cane, that she would not allow a cane to be issued to him.

5

33. Defendant Corrections Officer, identified as the female captain, stated in sum and substance: "If you are thinking about getting a cane, I'm going to take it every time. I don't care if the commissioner herself gives you a cane."

34. Defendant Corrections Officers also stated to Plaintiff Aponte that they did not want to hear a peep out of him and if they did he would be buried under the jail.

35. Plaintiff Aponte was further harassed, threatened and treated with negligence, gross negligence and intentional infliction of emotional distress by Defendant Corrections Officers as follows:

a. Prior to April 23, 2010, Plaintiff Aponte had a security classification of 16, however, after the April 23, 2010 incident his security classification was elevated to a level 35.

b. Despite Plaintiff Aponte's infraction having been dismissed, his security classification was not returned to its previous level.

c. Plaintiff Aponte was further harassed by Defendant Corrections Officers in that at the time of the infraction $25.00 was removed from his account and this money was not returned to his account.

d. Plaintiff Aponte was not given his mail for weeks despite knowing that his family and friends were sending him packages, some of which included money orders.

e. Defendants Correction Officers refused to allow Plaintiff Aponte to attend his court date on or about May 5, 2010.

f. Defendant Corrections Officers would speak about Plaintiff Aponte in front of other inmates implying that Plaintiff Aponte was in a gang that was a rival to the

6

other inmates in an attempt to incite violence by the other inmates against Mr.

Aponte. Defendant Corrections Officers stated, among other things, that Latin

Kings are dying in here, implying that Plaintiff Aponte was a Latin King.  Mr.

Aponte is not and has never been a member of a gang.

36.  As a result of the harassment, threats, negligence, gross negligence and intentional

infliction of emotional distress by Defendant Corrections Officers, Plaintiff Aponte feared for his

safety and well being, suffered anxiety and severe emotional distress.

37.  Defendants Corrections Officers were deliberately indifferent to Plaintiff Aponte's

medical needs.

a.  Despite having prescriptions and permits for medical treatment that he

requires, including Percocet for pain, a cane to walk with, orthopedic shoes and a

double mattress, and depression medication, Plaintiff Aponte was left for weeks

without these medical needs being met.

38.  As a result of the deliberate indifference to Plaintiff Aponte's medical needs by

Defendant Corrections Officers, Plaintiff Aponte suffered serious and substantial physical pain

and emotional distress.

39.  Defendant New York City and Defendant Department of Corrections were made

aware of Plaintiff Aponte's concerns and the violations of his rights on numerous occasions by

the Legal Aid Society Prisoner's Rights Project through letters and emails.

40.  On June 1, 2010, within ninety (90) days of the events complained of herein, a

Notice of Claim on behalf of Plaintiff was served upon NYC.

## THIRD CLAIM FOR RELIEF:
## ASSAULT AND BATTERY

55.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

56.  By the aforementioned actions, the Defendants did inflict assault and battery upon the Plaintiff.  The acts and conduct of the Defendant Correction Officers were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

57.  As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, mental anguish, and were otherwise damaged and injured.


## FOURTH CLAIM FOR RELIEF:
## DELIBERATE INDIFFERENCE TO A MEDICAL NEED

58.  Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

59.  The deprivation of prescription medication to Plaintiff Aponte was sufficiently serious, where such deprivation presented a condition of urgency, which may produce death, degeneration, or extreme pain, and did in fact produce degeneration and extreme pain.

60.  Objectively, the deprivation was sufficiently serious because a reasonable doctor or patient would find it important that Plaintiff Aponte should have received his pain medication, cane, double mattress and orthopedic shoes, where the deprivation of Plaintiff's medication caused chronic and severe and substantial pain.

10

41. At least thirty (30) days have elapsed since said demand and/or claim upon which this action is in part predicated was presented to NYC for adjustment and NYC have neglected and/or refused to adjust and/or make payment.

42. This action is commenced within one (1) year and ninety (90) days of the occurrence herein.

### FIRST CLAIM FOR RELIEF:
### DEPRIVATION OF FEDERAL CIVIL RIGHTS

43. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

44. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

45. All of the aforementioned acts deprived PLAINTIFF APONTE of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

46. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as corrections officers/employees of NYC DOC, with the entire actual and/or apparent authority attendant thereto.

47. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as corrections officers/employees of NYC DOC, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYC DOC, all under the supervision of ranking corrections officers of said units.

8

48. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

49. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

## SECOND CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

50. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

51. The degree of force used by Defendants was excessive, unreasonable, and completely unwarranted.

52. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable, and unprovoked.

53. As a result of the excessive force and brutality, Plaintiff Aponte sustained substantial pain and injury to his head, broken blood vessels in his eye, severe swelling under each eye, defecating blood for many days, bruising and lacerations to his head, torso and limbs, and serious emotional and psychological distress.

54. All of the aforementioned acts of the Defendants constituted excessive force under the laws of the State of New York and the Defendants are liable said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

9

61. When Plaintiff informed multiple officials while he was in custody that he had a serious medical condition that required medication and medical devices to prevent extreme pain, death and fast-degeneration, the defendant officials subjectively acted with a reckless indifference where they were aware of plaintiff's serious medical needs and consciously disregarded a substantial risk of serious harm and refused to provide Plaintiff with his required medications medical devices.

62. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourteenth Amendment's Due Process Clause to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

## FIFTH CLAIM FOR RELIEF:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

63. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

64. Defendants NYC and Defendant Corrections Officers engaged in extreme and outrageous conduct beyond all possible bounds of decency when they acted with deliberate indifference to Plaintiff Aponte's medical needs and his safety as an inmate in their custody.

65. Defendants' extreme and outrageous conduct was intended to inflict severe distress upon Plaintiff Aponte when they acted with such deliberate indifference to Plaintiff's medical needs.

66. Defendants' extreme and outrageous conduct was intended to inflict severe distress upon Plaintiff Aponte when they acted with such deliberate indifference to Plaintiff's safety and

11

wellbeing by threatening, harassing and attempting incite violence against Plaintiff Aponte by other inmates.

67. Defendant Officers' outrageous conduct did inflict severe distress upon Plaintiff Aponte, which caused Plaintiff Aponte to suffer anxiety, mental anguish, pain and suffering.

68. All of the aforementioned acts of the Defendants constituted intentional infliction of emotional distress under the law of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### SIXTH CLAIM FOR RELIEF:
### NEGLIGENCE

69. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

70. Defendant corrections officers and/or employees failed to use that degree of care that reasonably prudent officers and employees would have used under the same circumstances when they failed to do acts that reasonably prudent corrections officers and/or employees would have done under the same circumstances.

71. Defendant corrections officers and/or employees breached their duty of ordinary care to Plaintiff Aponte by failing to exercise ordinary care to follow proper procedures in ascertaining whether Plaintiff Aponte was being assaulted, harassed, threatened and denied medical treatment.

72. All of the aforementioned acts of the Defendants constituted negligence under the law of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## SEVENTH CLAIM FOR RELIEF:
## GROSS NEGLIGENCE OR WILLFUL MISCONDUCT

73.  Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

74.  Defendant corrections officers and/or employees were grossly negligent when they failed to use even slight care and acted with conduct that was so careless as to show complete disregard for the rights and safety of others when they failed to follow proper procedures in determining whether Plaintiff Aponte was being assaulted, harassed, threatened and denied medical treatment.

75.  Defendant corrections officers and/or employees acted with willful misconduct when they acted intentionally and/or failed to act knowing that their actions would probably result in injury or damage.

76.  Defendant corrections officers and/or employees acted with willful misconduct when they acted in so reckless a manner and/or failed to act in circumstances where an act was clearly required, so as to indicate disregard of the consequences of their actions and inactions.

77.  All of the aforementioned acts of the Defendants constituted gross negligence or willful misconduct under the law of the State of New York and the Defendants are liable for said damage.  Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## EIGHTH CLAIM FOR RELIEF:
## 42 U.S.C. § 1983 AGAINST INDIVIDUAL DEFENDANTS

78.  Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

79. Defendant corrections officers and/or employees assaulted and battered, harassed and threatened Plaintiff Aponte and were deliberately indifferent to and negligently disregarded plaintiff's medical needs notwithstanding their knowledge that said actions would jeopardize Plaintiff's well-being, physical and emotional health and constitutional rights.

80. The acts complained of were carried out by the aforementioned Defendants in their capacities as employees and/or corrections officers and officials, with the entire actual and/or apparent authority attendant thereto.

81. Plaintiff Aponte claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant Corrections Officers for violations of his constitutional rights under the color of law.

### NINTH CLAIMS FOR RELIEF:
### MUNICIPAL LIABILITY

82. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

83. The acts complained of herein were carried out by the Defendant Corrections Officers in their capacities as corrections officers, employees and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYC DOC, all under the supervision of ranking officers of said departments.

84. Prior to April 23, 2009, NYC and NYC DOC developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in NYC, which caused the violation of Plaintiff Aponte's rights.

85. It was the policy and/or custom of NYC and NYC DOC to inadequately and improperly train and supervise its corrections officers, including the defendant officers, thereby

14

failing to adequately discourage further constitutional violations on the part of its corrections officers.

86. It was the policy and/or custom of NYC and NYC DOC to inadequately and improperly investigate complaints of misconduct against corrections officers filed by inmates in DOC custody, and acts of misconduct were instead tolerated by NYC, including, but not limited to the following incidents: assault and battery, harassment, negligence, intentional infliction of emotional distress and deliberate indifference to medical needs.

87. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYC DOC constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff Aponte.

88. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYC DOC were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

89. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYC DOC were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

90. As a result of the above described policies and customs, corrections officers of NYC DOC, including the defendant officers, believed that their actions would not be monitored by supervisory officers and that their own misconduct would not be investigated or sanctioned, but instead would be tolerated.

91. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

15

92. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate officers and were directly responsible for the violation of Plaintiff's constitutional rights.

93. Defendants NYC, as municipal policymakers in the training and supervision of Defendant corrections officers/employees, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

94. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

      a.    Not to be deprived of liberty without due process of law;

      b.    To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

      c.    To be protected against violations of his civil and constitutional rights;

      d.    Not to have cruel and unusual punishment imposed upon his; and

      e.    To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:      New York, New York
            March 1, 2011

Respectfully submitted,

Jane Fisher-Byrialsen, Esq. (JB9108)
FISHER, BYRIALSEN & KREIZER PLLC
*Attorney for Plaintiff*
291 Broadway, Suite 709
New York, New York 10007
(347) 284-0187

17